**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

NAPOLEON SANDEFORD                                                                                    PLAINTIFF

v.                                            No. 5:10CV00369 JLH

UNITED PARCEL SERVICE, INC.;
and MATT WILLIAMS                                                                                    DEFENDANTS

**OPINION AND ORDER**

Napoleon Sandeford brought this action in the Circuit Court of Jefferson County, Arkansas, against United Parcel Service, Inc., and Matt Williams for discrimination and retaliation in violation of the Arkansas Civil Rights Act. Williams is a citizen of Arkansas and Sandeford's supervisor. On Williams' motion, the circuit court dismissed Williams from the case pursuant to a letter order. Document #22-1. Upon receiving the letter order, Sandeford filed a motion to alter or amend the ruling. Before the circuit court ruled on that motion, UPS removed the case to federal court on the basis of diversity jurisdiction pursuant to Sections 1441 and 1446 of Title 28 of the United States Code. Sandeford now moves to remand the action arguing that removal was improper.

Sandeford contends that the order itself was not final or entered of record and therefore not effective since judgment was never entered pending resolution of the motion to alter or amend. Consequently, Sandeford argues, Williams has not actually been dismissed and diversity jurisdiction does not exist. UPS has responded and argues that removal was appropriate pursuant to subsection 1446(b). That subsection states, in pertinent part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

UPS argues that the "letter order" was an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* UPS contends that Section 1446 does not require an entry of a judgment to trigger removal.

Long ago, the Supreme Court adopted "a bright line test for evaluating removability." *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 463 (8th Cir. 1984). Specifically, "[i]f the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff." *Id.* "In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary." *Id.* This rule is premised on the fact that the involuntary dismissal of a non-diverse could be reversed on appeal, unlike voluntary dismissal. *See*, *e.g.*, 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure*, Jurisdiction § 3723 (4th ed. 2009).

However, some doubts have been raised as to whether this rule survived the 1949 amendments to Section 1446. *Id.* Nevertheless, most if not all courts of appeals that have directly addressed the issue have held that the rule survived the enactment of subsection 1446(b) in 1949. *See*, *e.g.*, *Id.*; *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). More importantly, the Eighth Circuit itself has so ruled. *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d at 464.

The Court is bound by this precedent. The order dismissing Williams was involuntary. Sandeford not only resisted the Williams' effort to be dismissed but immediately petitioned the circuit court for reconsideration after receiving the "letter order."

However, courts permit removal following the involuntary dismissal of a defendant if that defendant was fraudulently joined. *Poulos*, 959 F.2d at 73 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921)). Nonetheless, in the instant case, the defendants have not presented any evidence or arguments that Williams was fraudulently joined. Further, recent Arkansas Supreme Court authority recognizes a cause of action for retaliation against a supervisor in his individual capacity. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432 (Ark. 2010). Hence, the Court cannot conclude that Williams was fraudulently joined.

Pursuant to Section 1447(c) of Title 28 of the United States Code, this action will be remanded.

## CONCLUSION

Accordingly, the plaintiff's motion to remand is GRANTED. Document #17. The Court orders that this action be remanded to the Circuit Court of Jefferson County, Arkansas.

IT IS SO ORDERED this 2nd day of February, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE